UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCIANNETE S-R.

                Plaintiff,

v.                                                                                          1:20-CV-1516
                                                                                               (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>ELIZABETH HAUNGS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | CHRISTOPHER HURD, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 17.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A.   Factual Background

Plaintiff was born in 1982. (T. 69.) She received her GED. (T. 186.) Generally, Plaintiff's alleged disability consists of left shoulder injury, bulging discs in cervical and lumbar spine, "fluid" in hip joints, diabetes, and a mental health impairment. (T. 185.) Her alleged disability onset date is April 18, 2014. (T. 69.) Her date last insured is December 31, 2016. (*Id.*) Her past relevant work consists of cashier, cleaner, and office clerk. (T. 174.)

### B.   Procedural History

On April 4, 2018, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (T. 69.) Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 3, 2019, Plaintiff appeared before the ALJ, Carl Stephan. (T. 31-53.) On October 31, 2019, ALJ Stephan issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-30.) On August 20, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-25.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2016, and Plaintiff had not engaged in substantial gainful activity since April 18, 2014. (T. 17-18.) Second, the ALJ found Plaintiff had the

severe impairments of cervical disc disease, lumbar disc disease, obesity, ventricular bigemini, and obstructive sleep apnea.  (T. 18.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 20.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[1].  (*Id.*)  Fifth, the ALJ determined Plaintiff was capable of performing her past relevant work as a customer service representative and office clerk.  (T. 23.)  In the alternative, the ALJ determined there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 24-25.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ failed to properly evaluate the medical opinion evidence in the record.  (Dkt No. 11 at 7-12.)  Plaintiff also filed a reply in which she asserts Defendant's arguments do not overcome the ALJ's errors.  (Dkt. No. 15.)

### B. Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ properly evaluated opinion evidence.  (Dkt. No. 14 at 10-15.)

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

## III.     RELEVANT LEGAL STANDARD

### B.     Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence."  *Estrella v.*

*Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

## IV.   ANALYSIS

Plaintiff argues the ALJ erred in his evaluation of opinions provided by consultative examiner Nikita Dave, M.D. and Ellis Gomez, M.D.  (Dkt. No. 11 at 9-12.) Plaintiff asserts the ALJ inaccurately concluded, that there was an "absence of objective evidence or neurological deficits."  (*Id.* at 9, citing T. 23.)

Under 20 C.F.R. §§ 404.1520c and 416.920c, the ALJ must articulate how he or she considered certain factors in assessing medical opinions and prior administrative findings.  *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(q)-(c)[2].  The regulatory factors

---

[2]   A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency

are: (1) supportability, (2) consistency, (3) relationship with the claimant (which has five sub-factors of its own to consider), (4) specialization, and (5) other factors.  *Id.* §§ 404.1520c(c), 416.920c(c).  An ALJ must explain his or her approach with respect to the first two factors when considering a medical opinion, but need not expound on the remaining three.  *Id.* §§ 404.1520c(b), 416.920c(b).  The ALJ is tasked with analyzing medical opinions at the source-level, meaning that the ALJ need not discuss each and every medical opinion in the record, and may apply the factors holistically to a single medical source.  *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).  These rules do not apply to the ALJ analysis or consideration of nonmedical sources.  *Id.* §§ 404.1520c(d), 416.920c(d).

    The first factor - supportability - looks at how well a medical source supported and explained his/her opinions about the patient. The strength of a medical opinion is increased as the relevance of the objective medical evidence and explanations increase.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The second factor - consistency - looks at whether a medical provider's findings and opinions are consistent with those of other medical providers and medical evidence.  The more consistent a particular medical source/opinion is with other evidence in the medical record, the stronger that medical opinion becomes.  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

    On May 30, 2018, consultative examiner Dr. Dave performed a physical examination of Plaintiff, reviewed x-rays of Plaintiff's left shoulder, and provided a medical source statement.  (T. 794-798.)   Dr. Dave listed Plaintiff's diagnosis as "low

---

medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record.  20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

back pain." (T. 797.) Dr. Dave opined "there may be mild-to-moderate limitations for repetitive bending and lifting, prolonged sitting, and prolonged standing due to the lumbar spine." (T. 797.)

The ALJ found Dr. Dave's statement "somewhat persuasive." (T. 23.) The ALJ concluded "the absence of significant diagnostic findings or clinical deficits" supported "at best [. . .] no more than mild limitations sitting or standing." (*Id.*) The ALJ further concluded Dr. Dave's "vague" lifting limitations were "generally consistent with the treatment record and [Plaintiff's] complaints of lower back and neck pain." (*Id.*)

On August 26, 2019, Dr. Gomez completed a "Medical Examination for Employability Assessment, Disability Screening, and Alcoholism/Drug Addiction Determination" form. (T. 1478-1479.) Dr. Gomez listed Plaintiff's medical conditions as depression, "back pain," and "prediabetic." (T. 1478.) When asked to provide functional limitations based on Plaintiff's medical conditions, she checked boxes indicating Plaintiff was "moderately" limited in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and using stairs or other climbing. (T. 1479.)[3] She also indicated Plaintiff was "moderately" limited in understanding and remembering instructions, carrying out instructions, and maintaining attention and concentration. (T. 1479.) She indicated Plaintiff had no evidence of limitations in her ability to see, hear, speak, use hands, make simple decisions, interact appropriately with others, maintain socially appropriate behavior, maintain basic standards of personal hygiene and grooming, and function in a work setting at a consistent pace. (*Id.*)

---

[3] The form provided three options: no evidence of limitations, moderately limited, or very limited. (T. 1479.)

The ALJ found Dr. Gomez's opinion "somewhat persuasive." (T. 23.) The ALJ concluded that although the record supported lifting and carrying limitations, "there is an absence of objective evidence or neurological deficits evidence by clinical examinations to support a finding that [Plaintiff] has significant limitations walking, standing, and sitting." (*Id.*)

Plaintiff argues, in evaluating opinion evidence the ALJ erred in concluding "there was an 'absence' of diagnostic findings" in the record. (Dkt. No. 11 at 9.) Plaintiff argues the record does contain diagnostic and objective findings and cites to an April 2018 MRI and objective findings from Plaintiff's treatment with a physical therapist. (*Id.* at 9-10.)

As an initial matter, insofar as Plaintiff argues the ALJ impermissibly questioned the doctor's diagnoses, Plaintiff's argument fails. Here, the ALJ did not impermissibly question Plaintiff's back impairment due to lack of diagnostic findings. *See Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003) (ALJ improperly required objective evidence to diagnose a disease that eludes such measurement). Indeed, the ALJ found at step two that Plaintiff had the severe impairment of cervical and lumbar disc disease. (T. 18.)

In addition, the ALJ specifically considered the evidence Plaintiff asserts he overlooked. The ALJ considered the 2018 MRI and its findings. (T. 22.) The ALJ noted Charles Chung, M.D., reviewed an April 2018 MRI and concluded the study showed a small disc protrusion at the L4-5 level with an associated annual tear displacing the right L5 nerve root, otherwise the study was unremarkable. (T. 22, citing T. 926.) Further, although the ALJ did not cite specific objective findings by the physical therapist, the

ALJ noted Plaintiff underwent physical therapy treatment in 2018.  (T. 22.)  "An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)).  Therefore, the ALJ did consider the evidence Plaintiff asserts he overlooked.

Further, in arguing the ALJ improperly cherry-picked the record, Plaintiff quotes the ALJ's decision to suggest the ALJ concluded there was no evidence of nerve root compression or limitation of motion of the spine.  (Dkt. No. 11 at 9-10.)  As outlined above, the ALJ discussed the 2018 MRI, specifically noting the reviewing doctor found "small disc protrusion at the L4-5 level with an associated annual tear displacing the right L5 nerve root."  (T. 22, citing T. 926.)

Overall, the ALJ properly considered the persuasiveness of Dr. Dave's administrative finding.  The ALJ concluded Dr. Dave's opined limitations were inconsistent with the absence of "significant" diagnostic findings or clinical deficits.  (T. 23.)  Indeed, after examining Plaintiff, Dr. Dave listed her diagnosis as "low back pain." (T. 797); *see* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (the more "supporting explanations" provided by a source, the more persuasive the administrative medical finding).  In addition, the ALJ properly considered Dr. Dave's objective findings.  *See id.* §§ 404.1520c(c)(1), 416.920c(c)(1) (the more relevant the objective medical evidence presented by the source, the more persuasive the administrative medical finding.)  On exam Dr. Dave observed Plaintiff had full range of motion in the cervical spine.  (T. 796.)  Dr. Dave observed lumbar spine extension was 5 degrees with pain at end-range,

9

forward flexion 40 degrees with pain at end-range, lateral flexion 5 degrees, and rotation 25 degrees bilaterally.  (*Id.*)  She further noted tenderness in the midline L5-S1 greater than L3 to L5, and tenderness in the right lumbar paraspinals.  (*Id.*)

Elsewhere in his decision the ALJ discussed objective findings consistent with Dr. Dave's findings, such as reduced range of motion of the spine.  (T. 22); *see* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).  However, the ALJ also considered the lack of significant and ongoing neurological deficits.  (*Id.*)  Therefore, the ALJ properly considered the evidence in the record in evaluating the persuasiveness of Dr. Dave's opinion and the ALJ's determination was supported by substantial evidence in the record.

The ALJ also properly evaluated Dr. Gomez's opinion.  As noted herein, the ALJ did not ignore or misstate evidence in the record.  Overall, substantial evidence supported the ALJ conclusion that the record lacked objective evidence or neurological deficits to support a finding of "significant limitations" in walking, standing, and sitting.  (T. 22.)  Although Plaintiff states physical therapy records contain positive findings on exam that the ALJ failed to consider and further that "these types of findings appeared throughout her treatment," Plaintiff's assertion is misplaced.  (Dkt. No. 1 at 10.)  As noted by Defendant, the evidence cited by Plaintiff appears to be weekly reports which incorporate findings from previous examinations; for example, hip range of motion cited by Plaintiff and reported throughout her treatment appears to be based on a single test done on "2/07/2018."  (*See* T. 731, 734-35, 737-38, 740-741, 744, 746-747, 750, 753, 756, 759, 762, 765, 768, 771, 774, 777, 780, 1095.)

Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).  Here, Plaintiff fails to show that no reasonable factfinder could have reached the ALJ's conclusion.

Lastly, as argued by Defendant (Dkt. No. 14 at 11), any error in assessing the opinions of Drs. Dave and Gomez was harmless. If the ALJ had found the opinions fully persuasive they were nevertheless consistent with the RFC for light work, which allows for standing or walking about six hours in an eight-hour day, with intermittent sitting during the remaining time.  20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10, 1983 WL 31251.  Neither doctor found more than moderate limitations walking, standing, or sitting. (T. 797, 1479.)

The Second Circuit, as well as its district courts, have found that up-to-moderate restrictions are consistent with an ability to do light work. *See White v. Berryhill*, 753 F. App'x 80 (2d Cir. 2019) (finding that consultative examiner's assessment of moderate limitations supported a modified light RFC); *Tankisi,* 521 F. App'x at 34 (rejecting plaintiff's argument that the consultative examiner's opinion was "incomplete and vague" and affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where the consultative examiner opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."); *see John H. v. Comm'r of Soc. Sec.,* No. 1:20-CV-921, 2021 WL 2355107, at *6 (W.D.N.Y. June 9, 2021) (collecting cases); *see Randy L.B. v. Comm'r of Soc. Sec.*, 18-CV-0358, 2019 WL 2210596, at *7 (N.D.N.Y. May 22, 2019) (explaining that "there is voluminous legal authority...that supports the ALJ's finding of light work based in part on the mild to moderate limitations opined by [consultative examiner] Dr. Jenouri"); *see April B. v. Saul*, 18-CV-0682, 2019 WL 4736243, at *5 (N.D.N.Y. Sept. 27, 2019) ("Indeed, moderate limitations in standing and walking [and lifting] are consistent with light work."). Therefore, the ALJ reasonably determined that the evidence in the record, including Dr. Dave's opinion, supported an RFC for light work.

Accordingly, remand is unnecessary because even if the ALJ had found these opinions fully persuasive it would not have changed the outcome of the decision. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (declining remand where "application of the correct legal principles to the record could lead [only to the same] conclusion").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     December 2, 2022

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge